UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMBER ROBERTS,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C24-0351 RSM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND TRANSFERRING CASE TO U.S. DISTRICT COURT FOR THE DISTRICT OF ARIZONA** |

  This matter is before the Court on Defendant's Motion to Transfer Venue and Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively Motion for Summary Judgment.  Dkt. 4.

  Plaintiff's case was previously remanded by this Court on September 28, 2022.  Dkt. 4-1 at 3.  On April 23, 2023, the Commissioner sent a notice informing Plaintiff her case was remanded to an Administrative Law Judge (ALJ) for further proceedings, pursuant to this Court's Order.  *Id*. at 5–11.  The notice was sent to a Sequim, Washington address.  *Id*. at 6, 11.  After conducting a hearing on October 12, 2023, the ALJ issued an unfavorable decision on November 15, 2023, finding Plaintiff not disabled.  *Id*. at 12–35.  The notice of decision was sent to Sun City, Arizona.  *Id*. at 12.  In the notice, the ALJ informed Plaintiff that if she had any

ORDER GRANTING DEFENDANT'S MOTION
TO TRANSFER VENUE AND
TRANSFERRING CASE TO U.S. DISTRICT
COURT FOR THE DISTRICT OF ARIZONA - 1

questions, she could call her local Social Security Office in Glendale, Arizona. *Id.* at 14. On March 18, 2024, Plaintiff filed her Complaint in this Court. Dkt. 1. She alleged in her Complaint she is a resident of Sun City, Maricopa County, Arizona. *Id*. at 1. Defendant then filed the instant Motion. *See* Dkt. 4. In her Response to Defendant's Motion, Plaintiff explained she and her husband "are back and forth between Arizona and Washington," and provided a Sequim, Washington address, though it was different from the address the Commissioner previously sent a notice to. *Compare* Dkt. 4-1 at 6, 11 *with* Dkt. 5 at 1.

Section 405(g) of the Social Security Act provides that an individual seeking judicial review of a final decision from the Commissioner regarding his or her benefits "shall" bring the civil action to "the district court of the United States for the judicial district in which the plaintiff resides, or has his [or her] principal place of business, or, if he [or she] does not reside or have his [or her] principal place of business within any such judicial district, in the United States District Court for the District of Columbia." *See* 42 U.S.C. 405(g).

Reviewing the relevant record, especially Plaintiff's Complaint and the ALJ's most recent decision, it appears Plaintiff does not currently reside in Sequim, Washington. Accordingly, the Court finds venue lacking in the Western District of Washington. *See Bailey v. Saul*, No. 1:20-CV-01431-SKO, 2020 WL 6131553, at *2 (E.D. Cal. Oct. 19, 2020) (finding venue improper where the plaintiff does not currently reside).

The Court may transfer any civil action to any other district or division for the convenience of the parties and witnesses and in the interest of justice where the case might have been brought. 42 U.S.C. § 1404. As venue is lacking in this District under 42 U.S.C. 405(g), the Court GRANTS Defendant's Motion to Transfer Venue. Further, because the Court finds it appropriate to transfer this case, the Court DENIES as MOOT Defendant's Motion to Dismiss,

ORDER GRANTING DEFENDANT'S MOTION
TO TRANSFER VENUE AND
TRANSFERRING CASE TO U.S. DISTRICT
COURT FOR THE DISTRICT OF ARIZONA - 2

or alternatively, Motion for Summary Judgment.  The Clerk is directed to transfer this matter to the U.S. District Court for the District of Arizona.

DATED this 8th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION
TO TRANSFER VENUE AND
TRANSFERRING CASE TO U.S. DISTRICT
COURT FOR THE DISTRICT OF ARIZONA - 3